**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Michael A. Ridenour,
Plaintiff Below, Petitioner

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 12-0048 (Harrison County 11-C-37)

Teresa Parsons,
Defendant Below, Respondent


**MEMORANDUM DECISION**

Petitioner Michael A. Ridenour, *pro se*, appeals the circuit court's final order dismissing petitioner's complaint seeking ownership of three gravesites, entered December 27, 2011, by the Circuit Court of Harrison County after a bench trial. Teresa Parsons, by counsel Marjorie A. McDiarmid of the West Virginia University College of Law Clinical Law Program, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 22, 1979, James Ridenour, the father of both petitioner and respondent, died intestate. At that time, he owned five cemetery burial plots in the International Order of Odd Fellows ("IOOF") Cemetery in Enterprise, West Virginia. On October 3, 2005, James Ridenour's wife, Beulah Ridenour, died. Both James and Beulah Ridenour were buried in the IOOF cemetery plots, leaving three remaining plots. Respondent was appointed the administatrix of Beulah Ridenour's estate by the other heirs. No will was found by family members until sometime between January 1, 2010 and March 22, 2010. On March 19, 2010, respondent's son passed away and by March 21, 2010, all of her siblings, with the exception of petitioner, conveyed their interests in the three remaining cemetery plots to respondent, so that her son could be buried there. After settling of debts and funeral expenses, $900 remained of Beulah Ridenour's estate, which was distributed to respondent and one of her sisters by agreement of the heirs.[1]

Petitioner brought suit over the ownership of the plots of land, as well as the $900, arguing that his mother was in full ownership of the plots after her husband's death and that the will left nothing to respondent. The circuit court found that at the time of James Ridenour's death, the

---

[1] Petitioner claims that respondent is not entitled to the $900 but never disputes the finding of the circuit court that it was distributed to respondent and her sister by agreement of the heirs.

1

applicable intestate law, West Virginia Code § 42-1-1(1957), conveys an equal interest to his children, and that under that law, each of the six children was granted a one-sixth interest in the cemetery plots. Further, the circuit court explains, respondent gained a five-sixths interest in the cemetery plots through the transfers of the siblings' interests to respondent following her son's death, and petitioner retained his original one-sixth interest in the plots. At trial, petitioner estimated the value of the plots to be $500, which the circuit court utilized as the basis of ordering respondent to pay petitioner $250, the value of one half of one plot, his share of the three plots. The circuit court further concluded that respondent did not improperly discharge her duties as administratrix. Finally, the circuit court responded to petitioner's "Post Trial Final Summation and Facts of Law," filed after the trial, alleging he was denied a jury trial. The circuit court explained the lack of a jury trial by stating that petitioner had not objected during the pretrial conference and that the trial by jury was explicitly declined in his civil case information statement.

On appeal, petitioner argues that the circuit court erred in utilizing West Virginia Code § 42-1-1(1957) to analyze the distribution of James Ridenour's estate, and that James Ridenour's estate was entirely owned by Beulah Ridenour. Specifically, petitioner asserts that West Virginia Code § 42-1-9 requires that, because the heirs of James Ridenour did not contest the distribution of his property within twenty years, Beulah Ridenour gained title to it. Respondent argues that the West Virginia Code does not require a claim within twenty years in order for title to pass to the children, but rather, the title passed to the children upon James Ridenour's death by operation of law. *See* W. Va. Code § 42-1-1(1957). Petitioner also argues on appeal that the circuit court was biased against him and should have granted him a jury trial because he requested it at various times. Respondent argues that petitioner clearly waived any right to a jury trial due to the express declination of a jury trial and failure to demand a jury trial pursuant to Rule 38 of the West Virginia Rules of Civil Procedure.

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his petition for appeal. This Court has previously held that

> "[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to *de novo* review." Syllabus point 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 5, *Peters v. Rivers Edge Mining, Inc.*, 224 W.Va. 160, 680 S.E.2d 791 (2009). Petitioner's reliance on West Virginia Code § 42-1-9 is misplaced, as the title passed to James Ridenour's children upon his death in 1979. Additionally, the circuit court did not abuse its discretion in finding that the petitioner waived his jury trial when he twice failed to object to having a bench trial. Therefore, we affirm.

Affirmed.

**ISSUED**:  May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II